[21 NE3d 237, 996 NYS2d 608]

ROBERTO RAMOS et al., Individually and on Behalf of All Other Persons Similarly Situated, Appellants, v SIMPLEXGRINNELL LP et al., Respondents.

Argued September 16, 2014; decided October 23, 2014

144

**POINTS OF COUNSEL**

*Fay Law Group PLLC*, Washington, D.C. (*Raymond C. Fay* of counsel), and *Beranbaum Menken LLP*, New York City (*Bruce E. Menken* and *Jason Rozger* of counsel), for appellants. I. The Court should not defer to an administrative agency enforcement timetable in interpreting the meaning of the statute. (*Chevron U.S.A. Inc. v Natural Resources Defense Council, Inc.*, 467 US 837; *Matter of Toys "R" Us v Silva*, 89 NY2d 411; *Fata v S.A. Healy Co.*, 289 NY 401; *Wright v Wright Stucco*, 50 NY2d 837; *Cox v NAP Constr. Co., Inc.*, 10 NY3d 592; *De La Cruz v Caddell Dry Dock & Repair Co., Inc.*, 22 AD3d 404, 95 AD3d 297, 21 NY3d 530; *Kuhn v Fairmont Coal Co.*, 215 US 349; *Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184.) II. Parties subject to Labor Law § 220 must pay prevailing wages for all work covered by the statute. (*Resolution Trust Corp. v Diamond*, 45 F3d 665; *People ex rel. Rodgers v Coler*, 166 NY 1; *2 Tudor City Place Assoc. v 2 Tudor City Tenants Corp.*, 924 F2d 1247; *Bucci v Village of Port Chester*, 22 NY2d 195.)

*Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*, Morristown, New Jersey (*Peter O. Hughes* and *Grant D. Petersen* of counsel), for respondents. I. The New York Department of Labor's determination that its new rule be applied prospectively only is entitled to deference and should be applied here. (*Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl. Conservation*, 18 NY3d 289; *Matter of New York State Assn. of Life Underwriters v New York State Banking Dept.*, 83 NY2d 353; *Samiento v World Yacht Inc.*, 10 NY3d 70; *Matter of Agency Constr. Corp. v Hudacs*, 205 AD2d 980; *Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184; *Matter of Lantry v State of New York*, 6 NY3d 49; *Matter of Gilmore v Preferred Acc. Ins. Co.*, 283 NY 92; *Matter of Europe v Addison Amusements, Inc.*, 231 NY 105; *De La Cruz v Caddell Dry Dock & Repair Co., Inc.*, 21 NY3d 530; *Matter of Twin State CCS Corp. v Roberts*, 72 NY2d 897.) II. A party's obligation to pay prevailing wages is no greater than what the New York Department of Labor designated was covered at the time the contract was entered. (*Fata v S.A. Healy Co.*, 289 NY 401; *Dunning v Leavitt*, 85 NY 30; *Artwear, Inc. v Hughes*, 202 AD2d 76; *BAII Banking Corp. v UPG, Inc.*, 985 F2d 685; *Dolman v United States Trust Co. of N.Y.*, 2 NY2d 110; *Greenfield v Philles Records*, 98 NY2d 562; *Sutton v East Riv. Sav. Bank*, 55 NY2d 550; *Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC*, 30 AD3d 1; *Huskission v Sentry Ins.*, 123 AD2d 832; *Pioneer Transp. Corp. v Kaladjian*, 105 AD2d 698.)

*Eric T. Schneiderman, Attorney General*, New York City (*Judith N. Vale, Barbara D. Underwood* and *Steven C. Wu* of counsel), for New York State Department of Labor, amicus curiae. I. The opinion letter's description of the New York State Department of Labor's own enforcement discretion is not pertinent to private actions. (*Barenboim v Starbucks Corp.*, 21 NY3d 460; *Samiento v World Yacht Inc.*, 10 NY3d 70; *Matter of Chesterfield Assoc. v New York State Dept. of Labor*, 4 NY3d 597; *Matter of Lantry v State of New York*, 6 NY3d 49.) II. The scope of Labor Law § 220 is not limited by an employer's subjective understanding of its contractual promise to pay prevailing wages. (*Matter of New York Charter School Assn. v Smith*, 15 NY3d 403; *Matter of Sarkisian Bros. v Hartnett*, 172 AD2d 895; *Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*, 76 NY2d 207; *Matter of Pegasus Cleaning Corp. v Smith*, 73 AD3d 1328; *Matter of Twin State CCS Corp. v Roberts*, 72 NY2d 897; *Village of Medina v Dingledine*, 211 NY 24.)

**OPINION OF THE COURT**

Smith, J.

The United States Court of Appeals for the Second Circuit has asked us what deference a court should pay to an agency's decision, made for its own enforcement purposes, to construe a statute prospectively only. The agency in question, the New York State Department of Labor, has submitted an amicus brief to us in which it renounces any claim to deference in this litigation. This leads us to give a narrow answer to the Second Circuit's question: We will not give the agency more deference than it claims for itself.

I

In this lawsuit, the federal courts have been called on to interpret New York's "prevailing wage" statute, which requires that certain employees upon "public works" be paid "not less than the prevailing rate of wages" as defined by law (Labor Law § 220 [3] [a]). The statute has been held applicable only to workers employed in construction, maintenance or repair work (*see Matter of Golden v Joseph*, 307 NY 62, 66-67 [1954]; *Matter of Pinkwater v Joseph*, 300 NY 729 [1950]). The dispute between the parties, to the extent relevant here, is whether workers engaged in the testing and inspection of certain fire protection equipment are covered by the statute. On December 31, 2009, the Department's Commissioner issued an opinion letter saying that the workers were covered, but that "because there has been much confusion in the past about the Departments [sic] position as to the applicability of the prevailing wage law to this work, this opinion shall be applied prospectively to contracts that are put out for bid after January 1, 2010."

The Second Circuit held that the Department's "substantive construction of the statute (as covering testing and inspection work)" is entitled to deference (*Ramos v SimplexGrinnell LP*, 740 F3d 852, 856 [2d Cir 2014]). The court was in doubt, however, as to whether it should defer to the Department's ruling that its opinion would be applied prospectively only, and it therefore certified the following question to us:

> "What deference, if any, should a court pay to an agency's decision, made for its own enforcement purposes, to construe section 220 of the [New York Labor Law] prospectively only, when the court is deciding the meaning of that section for a period of

time arising before the agency's decision?" (*Id.* at 859.)

■ In its amicus brief in this Court, the Department asserts that no deference is due to it by the courts deciding this litigation. It says that its prospectivity ruling "has no relevance to a private contract action such as this one" and therefore "provides no occasion for deference" (brief for amicus curiae New York State Department of Labor at 16, 17). We conclude that this determines our answer to the Second Circuit's question. We will not give the agency more deference than it is asking for. It is inherent in the very idea of deference to an administrative agency that the agency has determined that its view of the law merits deference.

We add a word to make clear the very limited nature of our decision. The agency appears to assume that, while it renounces deference in "private litigation," it may nevertheless seek deference when the issue is "its own enforcement of Labor Law § 220" (*id.* at 15-16). Thus, it seems that in the Department's view a court that did not defer to the agency in a suit initially brought in court would nevertheless defer in its review of an administrative determination—so that cases might come out differently, on identical facts, depending on whether they were originally lawsuits or administrative proceedings. We have no occasion to consider the correctness of this assumption. Obviously, the fact that we will not give an agency more deference than it seeks does not mean that it cannot be given less.

## II

The Second Circuit has also asked us another question, prompted by the opinion of the Federal District Court that was before it on appeal (*Ramos v SimplexGrinnell LP*, 796 F Supp 2d 346 [ED NY 2011]). The District Court held that, even if Labor Law § 220, correctly understood, covered testing and inspection work, plaintiffs could still not show that defendant breached its contracts with public entities to pay prevailing wages as required by section 220. The District Court's reasoning was that, because of the acknowledged confusion surrounding this question until the Commissioner's opinion was issued, defendant did not have reason to believe when it entered the contracts that its obligation included testing and inspection work (*id.* at 368).

The Second Circuit doubted the correctness of the District Court's conclusion, saying:

"At least as plausible a reading of the statute would seem to be that when an employer agrees to be bound to pay prevailing wages pursuant to section 220 . . . that employer has agreed to pay such a wage for all work that is covered by the statute as the statute is reasonably interpreted" (740 F3d at 859).

The Second Circuit therefore certified to us the question:

"Does a party's commitment to pay prevailing wages pursuant to [New York Labor Law] section 220 bind it to pay those wages only for work activities that were clearly understood by the parties to be covered by section 220, or does it require the party to pay prevailing wages for all the work activities that are ultimately deemed by a court or agency to be 'covered' by that portion of the statute?" (*Id.* at 859-860.)

We adopt the reading that the Second Circuit found "[a]t least as plausible" as the alternative (*id.* at 859). An agreement to comply with a statute is an agreement to comply with it as correctly interpreted, whether or not the correct interpretation was known to the parties at the time of contracting. This is particularly clear where, as here, a contractual clause agreeing to comply is required by the statute itself (*see* Labor Law § 220 [2]). The legislature surely meant that the parties must agree to comply with the law as correctly understood, not as the parties may have misunderstood it.

The certified questions should be answered in accordance with this opinion.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Following certification of questions by the United States Court of Appeals for the Second Circuit and acceptance of the questions by this Court pursuant to section 500.27 of this Court's Rules of Practice, and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified questions answered in accordance with the opinion herein.